Next case on calendar for argument is Louis-Williams v. San Francisco Bay Area Rapid Transit. Louis-Williams v. San Francisco Bay Area Rapid Transit District Thank you. Good morning. May it please the Court, my name is Gage Fender. I represent Ryan Rivera individually. So I won't try to repeat what's already been said. I had two kind of discrete issues that I think were unique to Mr. Rivera that I wanted to drill down on. Two of the accommodations that were requested by Mr. Rivera were remote work and unpaid leave. The jury heard testimony that Mr. Rivera was a storekeeper. That was his position. The jury heard testimony that other storekeepers were accommodated during the pandemic by being allowed to perform remote work. The jury also heard testimony that it was BART's policy to allow for unpaid leave of its employees for up to two years. These are two specific accommodations that Mr. Rivera requested. Did the jury find in his favor? They did. Okay, and so are you making these points in the event that the jury verdict is overturned? I'm making these points. I guess what I'm specifically making these points for is that even if this court was to consider sending the case back to be considered under Peterson, I think the facts vis-a-vis Mr. Rivera still weren't upholding the verdict based on the facts that were presented to the jury, because he could have been accommodated by being allowed to remote work, and that accommodation was denied him, even though it was given to other employees. So other storekeepers were allowed to work remotely. Mr. Rivera was not, because Mr. Rivera had a religious objection to the COVID-19 vaccination. Was there a reason given as to why he was not allowed to work remotely and other individuals were allowed to work remotely? The only position that was taken by the other side was that there were no positions open at the time that he requested that accommodation. Other storekeepers were working in those positions. Those storekeepers could have been moved to the warehouse to work in person, and Mr. Rivera could have been allowed to work remotely. Why? Because they had been willing to take the vaccine? Correct. But what's the requirement that they would have had to do that? I mean, there's a whole variety of reasons they might have been working remotely. They may have had child care issues, and just because they take the vaccine, they have to give up that right in order to accommodate someone else. I would say that under Groff, BART had to show why it would be unduly burdensome to make that accommodation. So we say there's an accommodation available. It is now being used for other individuals. Your duty is to show why it could cost that. Why that would be unduly burdensome and why that would be a substantial cost to the business to make that switch, to provide that accommodation. My question is, they were relying on the expertise and guidance from the officials, state and federal. What's your response to that? My response to that is that, well, two things. I have this kind of unique set of facts. So unpaid leave or remote work neutralizes any threat. So there is no risk to BART at that point. It is a reasonable accommodation. So, and they admit that not being on the BART premises. Well, it might be a reasonable accommodation, but I guess their argument is, I mean, this goes back to my colloquy with your opposing counsel. They seem to be suggesting that anything that deviates from the medical advice is an undue burden per se. So to that specific point, I would agree with my colleagues and say that the jury heard evidence of the accommodations that were available, besides remote work and unpaid leave, including in case of Mr. Rivera. He could work in isolation. He testified to that. He could socially distance. He could rely on masks. He could rely on sanitation, all that stuff. The jury took those accommodations into consideration and decided that they were not unduly burdensome. So I think under Rule 50, the verdict stands. They heard the evidence. They considered it. They made their rendering. Does your client also have a reinstatement claim? You're not advancing that right now. I'm not advancing that right now. That is a very important issue to Mr. Rivera. We briefed it.  But he made an election for front pay. He did make an election for front pay, and we conceded that. And that's what he got, right? And that is what he got. Do you acknowledge that if we were to decide that this should go back for reinstatement, he would have to give up the front pay award? Because I didn't see any acknowledgement. He would have to select a remedy. He would have to give up the front pay in order to seek reinstatement. He can't have both. You acknowledge that? We can see that he can't give both. So he realizes that, that the money he received from the jury verdict would have to be given back before he could pursue reinstatement. He is aware of what the law says in terms of those remedies. The last point that I'd like to address is in terms of the unpaid leave. BART says that that would not be a reasonable accommodation because it would be indefinite. Again, BART testified that its policy was to allow up to two years of leave to its employees. Again, there was an accommodation available under its policies to allow for a period of unpaid leave. Had Mr. Rivera been granted that accommodation, he would have returned to work after the mandate was lifted 18 months after his firing. So I think that when an employer believes that granting medical leave would cause undue hardship, the court should first look to the employer's leave policies. And if the employer's policies provide for the kind of leave that the plaintiff sought, the court should presume that granting the plaintiff's request would not cause undue hardship. And again, under Groff, that would have been their burden to show, hey, granting an unpaid leave of this amount of time would have cost us this in operational difficulties, brass tax dollars, whatever. None of that evidence was presented to the jury. So, again, under their affirmative defense, they did not meet their burden. If there's no other questions, I will yield the balance of my time. Thank you, counsel.  Rebuttal. We have two minutes left, so I'm going to get to the most important point first, which is that if your honors don't agree with our position that Peterson supports Jamal on appeal, then I absolutely would urge the panel to send the case back to the district court to reconsider the ruling in light of the court's guidance. I think that would be an appropriate outcome if your honors don't agree with our position. I do want to address just briefly Ms. Lewis Williams and Mr. Rivera to respond to my friend's arguments. The issue with Ms. Lewis Williams is she was out on a temporary disability leave and she could be returned to work at any time with little or no notice to Bart. That's in the record. So since she could be ordered to return to work literally the next day, Bart had to ensure that she was up to date with all employment requirements, including the vaccine policy. But she was willing to, is the record that she was willing to remain on leave for up to two years without pay? I don't think there's anything in the record on that, your honor. And I will, addressing that point, the two years of leave, that's medical leave, which is different. And it's different, of course, under the ADA, which has different policies than Title VII. But when you're searching for accommodations, you know, we were in a very difficult period, a period that no one had ever had to grapple with before. So those niceties didn't necessarily keep Bart from considering the two year leave, right? Even though it wasn't medical, it was somewhat analogous because it was a medical emergency that was consuming the whole nation. Yes, your honor. And the record, here's what the record says about that. At the time, Bart understood that its vaccination policy was going to be an ongoing employment requirement. It didn't anticipate a date when the vaccination requirement would be rescinded. So that's why it was considered at the time in this small window to be a permanent ongoing employment requirement. Mr. Maples don't testify to that. And this court's authority, I believe the case's maker, it's cited in our briefing, is that a leave that is not defined in term at the outset is indefinite and is not a reasonable accommodation as a matter of law. So that's the law in the circuit. All right. Thank you, counsel. All right. Thank you. Thank you to all counsel for your helpful arguments. The case just argued is submitted for decision by the court.
judges: RAWLINSON, NELSON, BADE